FILED
2017 Apr-21 AM 09:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BLANCHIA SMITH, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:16-cv-01774-RDP |
| } | |
| FOREST MANOR, INC., } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

This case is before the court on Defendant's Motion to Dismiss (Doc. # 14) and Defendant's Motion to Strike (Doc. # 21). Plaintiff has responded to the motions. (Docs. # 18, 26). Defendant has filed a reply brief in support of its motion to dismiss. (Doc. # 20).

**I.    Procedural History and Background**

Plaintiff's Complaint asserts that Defendant, a nursing home facility, violated Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA"). (*See* Doc. # 1 at ¶¶ 19-30). Plaintiff also raises state law claims of negligence/wantonness, breach of contract, and fraud against Defendant. (*See id.* at ¶¶ 11-18, 31-34). Plaintiff is a resident of Defendant's nursing home who suffers from dementia and loss of mobility from a fractured hip and pelvis, among other physical and mental ailments. (*Id.* at ¶ 7).

On December 18, 2015, one of Defendant's employees transported Plaintiff by wheelchair "in a manner that [was] much too fast for any conditions." (*Id.* at ¶ 9). Plaintiff's wheelchair did not have a seat belt, foot rests, or other "fall prevention devices . . . for the accommodation of persons with the plaintiff's disabling conditions." (*Id.*). Plaintiff alleges that

her feet moved underneath the wheelchair because the wheelchair did not have features to hold her feet in place above the floor. (*See id.* at ¶ 10). Plaintiff fell from the wheelchair and suffered unconsciousness, nasal fractures, head injuries, hand injuries, and facial injuries. (*Id.* at ¶¶ 9-10).

On December 23, 2015, Defendant conducted a "falls meeting" about the incident. (*Id.* at ¶ 32). Defendant's employees reported that Plaintiff fell because she "abruptly stood up and fell forward." (*Id.*). A written report averred that Plaintiff planted her feet on the ground and stood up before her fall. (*Id.* at ¶ 33). However, a video of the incident shows that that Plaintiff's feet dragged underneath the wheelchair and that she did not attempt to stand. (*Id.* at ¶ 34).

In her complaint, Plaintiff alleges that Defendant receives funding from the Centers for Medicare and Medicaid Services. (*Id.* at ¶ 20). Plaintiff is disabled (or, as the statute references, handicapped) within the meaning of the Rehabilitation Act and is a qualified individual with a disability under the ADA. (*Id.* at ¶¶ 21, 27). Defendant allegedly violated Plaintiff's rights under the Rehabilitation Act by not providing her a wheelchair "equipped with fall-prevention devices." (*Id.* at ¶ 23). Likewise, it violated Title III of the ADA by neglecting to provide transportation equipment to its disabled residents that would have made the nursing home fully accessible. (*Id.* at ¶¶ 28-30). Because Defendant provided "non-compliant transportation equipment" and failed to adequately train its employees, it discriminated against Plaintiff because of her disability. (*Id.* at ¶ 28). Finally, Plaintiff contends that Defendant's false account of the fall in its written notes constitutes actionable fraud. (*Id.* at ¶ 34).

Defendant requests that the court dismiss the Rehabilitation Act, ADA, and fraud counts in the complaint. (Doc. # 14). Plaintiff responds that Defendant's arguments for dismissal require the court to consider factual disputes about the case. (Doc. # 18 at 2). To address the factual disputes she has identified, Plaintiff has attached several evidentiary exhibits to her

2

response. (*See* Docs. # 18-1–18-5). Defendant contends that the court should strike the exhibits because they either (a) contain unauthenticated evidence or (b) present hearsay statements. (Doc. # 21). Plaintiff responds that she appropriately submitted the evidence because Defendant's motion to dismiss essentially disputes the facts alleged in the complaint. (*See* Doc. # 26 at 1). Plaintiff also claims that the motion to strike is premature because she cannot authenticate the submitted evidence until the discovery process begins. (*Id.* at 3).

## II.     Standard of Review

The court has broad discretion in reviewing a motion to strike. *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1360 (S.D. Fla. 2009). Evidence submitted to support a motion can be challenged through a motion to strike, which is usually treated like a motion in limine. *Morris v. Precoat Metals*, 2013 WL 830868, at *2 (N.D. Ala. Mar. 4, 2013). Generally, motions to strike are disfavored by the courts. *See Blake v. Batmasian*, 2017 WL 743576, at *1 (S.D. Fla. Feb. 27, 2017). "Moreover, motions to strike are rarely granted absent a showing of prejudice." *Stephens v. Trust for Pub. Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007).

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most

3

favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis of Defendant's Motion to Strike

Defendant argues that the court should strike Plaintiff's submitted exhibits on evidentiary grounds. (*See* Doc. # 21). The motion does not address the underlying issue of whether the

exhibits should be considered by the court at all in analyzing Defendant's Rule 12(b)(6) motion to dismiss. In almost all circumstances, a court cannot consider evidence that is not attached to the complaint in deciding whether to dismiss a claim under Rule 12(b)(6). *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (explaining that an extrinsic document can only be considered in deciding a motion to dismiss if it is central to a plaintiff's claim and its authenticity is not challenged). Plaintiff does not claim that the submitted exhibits are central to the viability of her complaint. Rather, she argues that the evidence is necessary because Defendant seeks to contest her claims based on "disputed facts." (Doc. # 26 at 1). While that may be the case, Plaintiff should have responded to the motion to dismiss by focusing on the allegations in her complaint (or by submitting an amended complaint, if necessary), rather than by submitting extrinsic evidence to buttress the factual allegations in her complaint. Having said that, because Plaintiff's exhibits cannot be (and have not been) considered by the court in analyzing Defendant's motion to dismiss, the court finds that Defendant will not be prejudiced by leaving the submitted exhibits in the record. Therefore, Defendant's Motion to Strike is due to be denied.[1]

## IV. Analysis of Defendant's Motion to Dismiss

Defendant argues that the court should dismiss Plaintiff's Rehabilitation Act, ADA, and fraud claims. (*See* Doc. # 14 at 4-10). Moreover, it claims that the court lacks federal question jurisdiction over this action because Plaintiff has not pled a plausible federal claim. (Doc. # 20 at 1). After careful review, the court agrees in part and disagrees in part. While Plaintiff's fraud count is due to be dismissed without prejudice, Plaintiff's Rehabilitation Act and ADA counts

---

[1] This decision does not foreclose Defendant from contesting the admissibility of the exhibits at the summary judgment stage, if necessary.

allege a plausible basis for relief. As such, the court has federal question jurisdiction over this action.

### A. Plaintiff's Rehabilitation Act and ADA Claims Do Not Relate Solely to Medical Treatment Decisions

Defendant's first challenge to the Rehabilitation Act and ADA claims is that neither statute is intended to regulate "medical treatment decisions." (Doc. # 14 at 6-7). Plaintiff responds that her claims do not involve a medical treatment decision because "safely transporting a patient in a wheelchair" requires no medical judgment. (Doc. # 18 at 11-12). Plaintiff has the superior argument.

To obtain relief under Section 504 of the Rehabilitation Act, a plaintiff must prove that he or she (1) is handicapped under the Rehabilitation Act, (2) was "otherwise qualified" for a program or activity, (3) was excluded from the program or activity "solely because of the handicap," and (4) sought to use a program or activity "operated by an agency that receives federal financial assistance." *Harris v. Thigpen*, 941 F.2d 1495, 1522 (11th Cir. 1991). Title III of the ADA provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Title III defines discrimination to include both (1) a failure to make reasonable modifications to practices or procedures when necessary to afford services, facilities, or accommodations to individuals with disabilities and (2) a failure to provide "auxiliary aids and services" that may be necessary to ensure that an individual with a disability is not excluded. *Id.* § 12182(b)(2)(A)(ii)-(iii). Defendant has not contested Plaintiff's allegation that a residential care facility is a public accommodation. (Doc. # 1 at ¶ 28).

Here, Plaintiff's Rehabilitation Act and ADA counts relate to Defendant's alleged failure to provide appropriate transportation, not Defendant's failure to make certain medical decisions. The court agrees with Defendant's premise that a Rehabilitation Act or ADA claim cannot be based on a medical treatment decision. *See, e.g.*, *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (holding that the Rehabilitation Act and the ADA are not intended to apply "to decisions involving the termination of life support or medical treatment"). However, it does not follow that all decisions made and all services provided by a medical facility fall outside the scope of these statutes. *See, e.g.*, *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 342-44 (11th Cir. 2012) (concluding that a hospital could violate the Rehabilitation Act by failing to provide appropriate and necessary auxiliary hearing aids to a patient with extensive hearing loss). Plaintiff's complaint asserts that Defendant failed to provide proper transportation equipment for her mobility issues. (*See* Doc. # 1 at ¶¶ 21, 23, 28). Such a claim is not analogous to a claim that a defendant violated the Rehabilitation Act or ADA by failing to provide a particular treatment or a particular medical service. *Cf. Schiavo*, 403 F.3d at 1294, 1300 (affirming the denial of a Rehabilitation Act claim based on withholding of nutrition and hydration); *United States v. Univ. Hosp., State Univ. of N.Y. at Stony Brook*, 729 F.2d 144, 157, 160-61 (2d Cir. 1984) (denying a Rehabilitation Act claim based on a hospital's failure to provide certain procedures to a newborn infant following her parents' refusal to consent to those treatments). Rather, Plaintiff's claims are analogous to those where a plaintiff brings suit for a defendant's failure to provide appropriate transportation.[2] *See, e.g.*, *Gorman v. Bartch*, 152 F.3d 907, 913-14

---

[2] In its reply brief, Defendant contends that Plaintiff's claims ignore federal law that requires a physician to order any physical restraint used on a patient at a skilled nursing facility. (Doc. # 20 at 2) (citing 42 U.S.C. § 1395i-3(c)(1)(A)(ii)). The statute to which Defendant refers specifies that such restraints are prohibited "for purposes of discipline or convenience" without a doctor's orders. 42 U.S.C. § 1395i-3(c)(1)(A)(ii). It does not explicitly prohibit a nursing facility from using physical restraints like a seat belt for purposes of safety. Nor does it indicate that a nursing facility would need a doctor's order to buckle a seat belt for a patient transported by car or van.

(8th Cir. 1998) (concluding that a plaintiff could bring Title II ADA and Rehabilitation Act claims against a police department for failing to provide appropriate post-arrest transportation). Accordingly, the court concludes that Defendant's first argument for dismissing the Rehabilitation Act and ADA counts fails.

> **B.** **Plaintiff Has Plausibly Alleged that She was Denied Benefits Solely Because of Her Mobility-Related Disability**

Defendant argues that Plaintiff cannot show she was denied any benefit because of her disability because she would not have been qualified for the nursing benefits she sought except for her disability. (*See* Doc. # 14 at 7-8). According to Defendant, it is rarely possible to prove that a defendant's actions discriminated against an individual on the basis of a handicap where the handicap is related to the conditions to be treated. (*Id.* at 8) (quoting *Univ. Hosp.*, 729 F.2d at 157). Based upon Plaintiff's well pleaded allegations, at least at this point, the court disagrees.

Plaintiff alleges that she is disabled, for purposes of both the Rehabilitation Act and the ADA, due to her dementia and her mobility limitations. (Doc. # 1 at ¶ 7). Plaintiff's complaint plausibly demonstrates that she is qualified to reside in a nursing home due to her dementia. (*Cf.* Doc. # 18 at 21) (describing dementia as Plaintiff's primary disability). According to Plaintiff, Defendant violated the Rehabilitation Act and ADA by not providing appropriate transportation, a violation related to her mobility restrictions. (*See id.* at ¶¶ 21, 23, 27-28). Nonetheless, Plaintiff plausibly alleges that she was otherwise qualified to receive the benefits of the nursing home's services due to her dementia and that she did not receive these benefits due to the nursing home's failure to accommodate her disability-related transportation needs.[3] Therefore, the court

---

[3] The court recognizes that the Second Circuit has disagreed with a similar "multiple handicaps" argument made by the federal Government in *University Hospital*. *See* 729 F.2d at 156-57. But, *University Hospital* addressed the issue of whether the Rehabilitation Act governs medical decisionmaking by doctors, not whether a medical facility must provide accommodations for an individual's handicaps. *See id.* at 160-61. The Eleventh

8

determines that Plaintiff's Rehabilitation Act and ADA counts are not due to be dismissed at this stage.

### C. Plaintiff's Fraud Claim is Due to be Dismissed

In its motion to dismiss, Defendant contends that Plaintiff's fraud claim fails to present (1) the material fact that Defendant's misrepresentation(s) concerned, (2) Plaintiff's reliance on the misrepresentation(s), or (3) how Plaintiff's reliance resulted in her detriment. (Doc. # 14 at 9). The court agrees with Defendant that the reliance and detriment elements of Plaintiff's fraud claim are not pled with sufficient specificity.

The Federal Rules of Civil Procedure require a plaintiff to plead "the circumstances constituting fraud or mistake" with particularity. Fed. R. Civ. P. 9(b). A plaintiff satisfies this requirement if his or her fraud claim presents:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotations omitted). An Alabama plaintiff must prove the following elements for a claim of fraudulent misrepresentation: (1) "that the defendant made a misrepresentation"; (2) "that that misrepresentation concerned a material existing fact:"; (3) "that the plaintiff relied on the misrepresentation"; and (4) "that the reliance was to the plaintiff's detriment." *Lawson v. Harris Culinary Enters., LLC*, 83 So. 3d 483, 492 (Ala. 2011) (quoting *Jewell v. Seaboard Indus., Inc.*, 667 So. 2d 653, 657-58 (Ala. 1995).

---

Circuit has addressed the latter issue and held that a hospital must provide such accommodations. *See Liese*, 701 F.3d at 342-44.

Plaintiff's fraud claim does not allege how the fall report misled Plaintiff, how Plaintiff relied on any misrepresentation in the report, or how any misrepresentation resulted in a detriment to Plaintiff. (*See* Doc. # 1 at ¶¶ 31-34). Plaintiff asserts in her response brief that her family members asked to see a video of the fall after reading the allegedly false statements in the written report. (Doc. # 18 at 22). If her family members had believed the statements in the written report and other statements made by Defendant's employees, then she would have suffered a "substantial injury to her legal rights" because her family members would not have discovered what actually occurred. (*Id.* at 22-23). These assertions by Plaintiff indicate that she did not rely on the allegedly false statements because, by the account provided in the response brief, Plaintiff did not change any course of action in response to Defendant's written report. *See Exxon Mobil Corp. v. Ala. Dep't of Conservation & Nat. Res.*, 986 So. 2d 1093, 1116 (Ala. 2007) (denying a fraud claim because the plaintiff failed to show a change in conduct based on a misrepresentation). Plaintiff's fraud count is thus due to be dismissed because it does not allege her reliance on any misrepresentation made by Defendant.

Additionally, Plaintiff's fraud claim makes no allegation regarding the damages she suffered because of her purported reliance on a misrepresentation. It is well settled that a fraud claim requires *actual* damages suffered by the plaintiff. *E.g.*, *Maring-Crawford Motor Co. v. Smith*, 233 So. 2d 484, 491 (Ala. 1970) ("[I]t appears that in actions of fraud and deceit, damages must be shown since injury is an essential element of such type of action."); *Exxon Mobil*, 986 So. 2d at 1116 ("In order to succeed on a fraud claim, a party must prove . . . damage occurring as a result of the reliance.") (internal quotation omitted). At best, Plaintiff contends that she could have been harmed by Defendant's misrepresentations; but, she has not alleged that she actually was harmed by them. (*See* Doc. # 18 at 22-23). Therefore, Plaintiff's fraud claim is due

to be dismissed without prejudice. Since a more carefully drafted fraud claim might state a claim for relief, the court will dismiss the fraud count with leave to file an amended fraud claim. *Cf. Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that a court generally must grant a plaintiff one chance to amend a complaint if "a more carefully drafted complaint might state a claim"). However, Plaintiff is warned that any amended fraud claim based on any misrepresentation(s) to Plaintiff must allege how Plaintiff herself relied on the misrepresentation, unless Plaintiff has an appointed guardian or representative who relied on a misrepresentation to Plaintiff's detriment.

### IV. Conclusion

For the reasons explained above, Defendant's Motion to Strike (Doc. # 20) is due to be denied. Defendant's Motion to Dismiss (Doc. # 14) is due to be granted in part and denied in part. Defendant's motion is due to be granted to the extent that Plaintiff's fraud claim will be dismissed without prejudice. Defendant's motion is due to be denied to the extent that Plaintiff's claims under the Rehabilitation Act and the ADA will not be dismissed. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 20, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE